O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEVON SMITH, | ) | Case No. CV 14-02646 DDP (AGRx) |
| Plaintiff, | ) | **ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** |
| v. | ) | |
| AT&T MOBILITY SERVICES, LLC, | ) | |
| Defendant. | ) | |

On February 18, 2014, Plaintiff filed the instant suit in Los Angeles County Superior Court asserting various causes of action arising from the termination of his employment with Defendant. Defendant removed the action to this court on April 8, 2014 on the basis of diversity jurisdiction. It appears, however, that there is no federal subject matter jurisdiction in this action because the amount in controversy does not exceed $75,000.

Federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Alternatively, district courts may

1  exercise diversity jurisdiction when there is complete diversity
2  between the parties and the amount in controversy exceeds
3  $75,000.00.  28 U.S.C. § 1332. Complete diversity means that each
4  of the plaintiffs must be a citizen of a different state than each
5  of the defendants. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68
6  (1996).
7       As the removing party, Defendant bears the burden of proving
8  federal jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th
9  Cir. 1996); see also Matheson v. Progressive Specialty Ins. Co.,
10 319 F.3d 1089, 1090 (9th Cir. 2003). The removal statute is
11 strictly construed against removal jurisdiction, and federal
12 jurisdiction must be rejected if any doubt exists as to the
13 propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
14 Cir. 1992). Title 28 U.S.C. § 1447(c) gives a federal court
15 authority to remand a case to state court for lack of subject
16 matter jurisdiction. Courts resolve doubts as to removability in
17 favor of remand. Gaus, 980 F.2d at 566.
18      Here, Defendant asserts that this court has jurisdiction over
19 the action on the basis of diversity under § 1332. Plaintiff does
20 not specify in his Complaint the amount he seeks under his claims.
21 Defendant contends that the jurisdictional requirement of $75,000
22 is met based in part on the allegation that Plaintiff's annual
23 earnings were $28,704 and the assumption that the matter will not
24 reach trial for 36 months, resulting in potential lost wages of
25 $86,112.00. (See Notice of Removal ¶ 15.) Having conferred with the
26 parties concerning the matter, the court finds the basis for
27 removal speculative and is not convinced that the jurisdictional
28 threshold is met.

Accordingly, the court REMANDS this action to Los Angeles County Superior Court.

IT IS SO ORDERED.

Dated: May 14, 2014

DEAN D. PREGERSON
United States District Judge

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 536426

3